IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2007

Charles R. Fulbruge III
Clerk

No. 06-30918
Summary Calendar

ERRICK JERMAINE ARCENEAUX

Plaintiff-Appellant

v.

MARIANA LEGER; UNKNOWN CHEUZLIER, RN; MICHAEL VINCENT; CLIDE SPAIN; TROY MAYERS, also known as Ronald Mayors; UNKNOWN CHILDS, Lieutenant; J OSBORNE, Sargeant; HUNT TACT TEAM; JULIAN MCCOY; ISIAH GEORGE; WARREN DUGAS; MARVIN HARTLEY

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-308

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Errick Jermaine Arceneaux, prisoner # 376350, alleged under 42 U.S.C. § 1983 that prison officials used excessive force and fractured his wrist during a cell-entry. He also alleged that prison officials were deliberately indifferent to his medical needs. Arceneaux appeals the district court's judgment that dismissed his deliberate indifference claims and granted summary judgment on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his excessive force claims. We review the dismissal of Arceneaux's complaint and the grant of summary judgment de novo. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); Whittaker v. BellSouth Telecomms., Inc., 206 F.3d 532, 534 (5th Cir. 2000)

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Arceneaux's deliberate indifference allegations were not ignored; prison officials provided evaluation of his medical complaints in the prison infirmary and later in the hospital. Although the wrist fracture was not initially diagnosed, the fracture was not objectively obvious, and Arceneaux conceded in his complaint that upon initial evaluation, he told prison personnel that he would be all right. The failure by the defendants to detect the fracture may constitute negligence or malpractice, but such conduct does not amount to a constitutional violations under § 1983. See Flores v. City of Palacios, 381 F.3d 391, 393-94 (2004); Varnado, 920 F.2d at 321. Accordingly, the district court did not err in dismissing Arceneaux's deliberate indifference claims.

Arceneaux's claims that he did not cause a disturbance while in his cell; he did not refuse orders given to him by prison officials; the use of chemical spray was unjustified; the cell-entry was unprovoked; and that the disciplinary reports were fabricated are barred by Edwards v. Balisok, 520 U.S. 641, 648-89 (1997) (applying Heck v. Humphrey, 512 U.S. 477, 487 (1994) to prison disciplinary proceedings). Arceneaux's claims necessarily imply the invalidity of his disciplinary convictions, and he has not shown that the disciplinary

convictions were reversed or expunged. Accordingly, the district court did not err in holding that Heck barred these claims.

Finally, Arceneaux argues that the district court erred in determining that the prison officials did not use excessive force during the forced cell-entry. Summary judgment is appropriate if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The evidence must be viewed in the light most favorable to the nonmoving party. Whittaker, 206 F.3d at 534. The core judicial inquiry in determining whether prison officials used excessive physical force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Competent summary judgment evidence established that the force used by the prison officials was necessary in order to maintain order and restore discipline. In addition, the medical evidence relative to Arceneaux's wrist injury does not support a finding that the defendants used malicious and sadistic force to cause harm to Arceneaux. See Hudson v. McMillian, 503 U.S. at 6-7.

AFFIRMED.